UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:20-cv-60945

EDGAR RONALDO ALVAREZ-
GUTIERREZ, Individually and on
behalf of all others similarly situated;

       Plaintiff,

v.

FOOD BAZAAR INTERNATIONAL,
INC., a Florida corporation, d/b/a Bazaar
Supermarket, and JUAN F. ESPINAL,
individually,

       Defendants.
_____/

## PLAINTIFFS' VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, Edgar Ronaldo Alvarez - Gutierrez, (hereinafter referred to as "*Plaintiff*" or "*Alvarez*") individually, and on behalf of all others similarly situated, hereby sues the above Defendants, Food Bazaar International, Inc., a Florida corporation, d/b/a Bazaar Supermarket, and Juan F. Espinal, individually, (hereinafter "*Defendants*") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter referred to as the "FLSA"), and Florida Statute §440.205, and therefore alleges as follows:

### PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiff, on behalf of himself and all others similarly situated, to recover unpaid wages, unpaid overtime wages, for violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"). The proposed FLSA Collective Class consists of all non-exempt employees of the Defendant at any time in the three years prior to the filing of this Complaint.

2. Plaintiff also brings a separate individual claim for retaliation and coercion against Defendants in violation of the Florida Workers Compensation Act, specifically, Florida Statute §440.205.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 206, because this action involves a federal question under the FLSA.

4. This Court also has supplemental jurisdiction over the claims brought pursuant to Florida Statute §440.205, pursuant to 28 U.S.C. § 1367(a), as these claims are related to the federal claims brought herein and arise from the same case or controversy as those federal claims.

5. This Court has original and personal jurisdiction over this action because the Defendants are engaged in business within the state of Florida, and the action complained of occurred in Florida.

6. Venue is appropriate in the Fort Lauderdale Division of the Southern District of Florida.

## PARTIES

7. Plaintiff, Edgar Ronaldo Alvarez - Gutierrez, is a resident of Broward Beach County, Florida has been employed by the Defendants for approximately six (6) years. Plaintiff, at all relevant times an hourly, has been a nonexempt hourly employee.

8. Defendant, Food Bazaar International, Inc., is a corporation formed under the laws of the State of Florida and maintains its principal place of business at 202 W Hillsboro Blvd, Deerfield Beach, Broward County, Florida 33441. Defendant, Food Bazaar

International, Inc., operates as "Bazaar Supermarket," and was at all times material hereto, an employer covered by the FLSA and Florida law.

9. Defendant, Juan F. Espinal, is believed to be sui juris, over the age of eighteen and a resident of Broward County, Florida.

10. Defendant, Food Bazaar International, was at all times material hereto, engaged in the sale of produce, dairy items, canned and packaged food, meat products, cleaning products, ornamental flowers, and other associated items to households and commercial businesses in Broward County and beyond.

11. Those business activities are ones to which the Fair Labor Standards Act applies. Both, the Defendants business and the Plaintiff's work for the Defendants, affected interstate commerce during the relevant time period. Plaintiff's work for the Defendants also affected interstate commerce, during the relevant period, because the food, tools, materials and goods that Plaintiff used on a constant and continual basis and/or supplied to him by the Defendants to use on the job, moved through interstate commerce prior to and/or subsequent to Plaintiffs use of the same.

12. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Defendants also regularly employed two or more employees for the relevant period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Furthermore, upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2017, 2018, and 2019.

15. At all relevant times, Defendants improperly classified the Plaintiff as an independent contractor, when in fact Mr. Alvarez was actually an "employee" within the meaning of 29 USC §203(e) and Florida Statute § 440.205.

16. Plaintiff and members of the proposed FLSA Collective are paid on an hourly basis, without overtime pay for all hours worked over forty (40) per workweek.[1]

17. Plaintiff has hired the undersigned attorneys, and agreed to pay them a fee.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings the FLSA overtime claim on behalf of himself and all similarly situated individuals, specifically, all hourly and non-exempt employees of the Defendant at any time within the two, and possibly three years prior to the filing of this Complaint.

19. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. §216(b) and a signed consent form is attached as Exhibit "A."

20. As this case proceeds, it is likely that other individuals will file consent forms and join as "*opt-in*" plaintiffs.

21. As described in the preceding paragraphs, during the applicable statutory period, Plaintiff and members of the proposed FLSA Collective worked full schedules, with overtime hours, and received no overtime compensation whatsoever.

22. Defendants willfully violated the FLSA by knowingly failing to pay its non-exempt employees overtime wages during the indicated time period.

---

[1] Plaintiff is paid a fixed weekly rate per week, like a salary; however deductions are taken for partial days of service and therefore, the weekly payment did not constitute a salary, but rather an hourly rate.

4

23. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective during the period indicated. Accordingly, notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendants' practices and who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendant's records.

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME WAGES AGAINST CORPORATION
*(On behalf of Plaintiff and the FLSA Collective)*

24. Plaintiff incorporates paragraphs one through twenty-three, as if fully restated.

25. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

26. Plaintiff's work schedule was 7:00 am to 4:00 pm, Monday through Saturday.

27. Plaintiff was given a fifteen (15) minute meal break.

28. Plaintiff worked an estimated fifty four (54) hours, per week and received a fixed amount of seven hundred fifty dollars per week, less deductions for missed time and an additional one hundred dollar deduction, as spelled out in Count III, below.

29. All wage payments by the Defendants to the Plaintiff were made in cash.

30. Plaintiff had a regular hourly rate of $18.75 and would be entitled to a corresponding overtime hourly rate of $28.13, per hour.

31. With regard to Edgar Ronaldo Alvarez - Gutierrez's claim, the particulars are as follows:

    i. During the three years preceding the filing of this complaint, Plaintiff estimates the amount of overtime hours to be between fourteen (14) hours per workweek.

    ii. The estimated total amount of unpaid (*overtime*) wages, plus an equal amount as liquidated damages is as follows:

| *Year of Service* | *No. of Weeks* | *Monthly Overtime hours* | *Overtime Rate* | *OT Due* | *Liquidated Damages* |
|---|---|---|---|---|---|
| *2017* | 33 | 462 | $28.13 | $12,996.06 | $12,996.06 |
| *2018* | 52 | 728 | $28.13 | $20,478.64 | $20,478.64 |
| *2019* | 46 [2] | 644 | $28.13 | $18,115.72 | $18,115.72 |
| *2020* | 19 | 266 | $28.13 | $7,482.58 | $7,482.58 |
| *Totals* | 150 | 2,100 | | $59,073.00 | $59,073.00 |

    iii. The total amount of Mr. Alvarez's overtime claim is $118,146.00, exclusive of attorney's fees and costs.

32. As described in the preceding paragraphs, the Defendant Company suffered and permitted Plaintiff and the FLSA Collective to work overtime hours, without any compensation whatsoever, including applicable overtime compensation.

33. Plaintiff and members of the FLSA Collective are not exempt from the overtime requirements of the FLSA.

34. Defendant's actions, policies, and practices as described herein violate the FLSA's overtime requirement by willfully and knowingly failing to compensate Plaintiff and members of the FLSA Collective for all overtime hours worked during the relevant period.

---

[2] The 52 weeks in 2019 are reduced by approximately six (6) weeks where by the Plaintiff was recovering from an on-the-job injury and did not work during this time period.

35. Defendant was aware, or should have been aware, that Plaintiff and members of the proposed Collective worked more than forty (40) hours per week and accordingly should have been paid their time and one-half their regular rate of pay for all such hours worked over forty (40) during each workweek.

36. Defendant's failure to pay Plaintiff and members of the proposed FLSA Collective was willful and intentional.

37. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages, prejudgment interest, and attorney's fees and costs incurred in connection with this claim.

**WHEREFORE**, the Plaintiff requests judgment against Defendant, Food Bazaar International, Inc., a Florida corporation, with an award to Plaintiff and those similarly situated for the amount of unpaid owed, liquidated damages, and prejudgment interest on any unpaid overtime or minimum wages upon which liquidated damages were not assessed, as allowed by the Fair Labor Standards Act together with costs and attorneys' fees, and any other relief that this Court finds reasonable under the circumstances.

COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME WAGES AGAINST INDVIDUAL
(*On behalf of Plaintiff and the FLSA Collective*)

38. Plaintiff incorporates paragraphs one through twenty-three, as if fully restated.

39. Defendant, Juan F. Espinal, is believed to be an owner, corporate officer, and director of Food Bazaar International, with control over significant aspects of Company's day-

to-day functions, including compensation and scheduling of employees. Accordingly, Defendant, Juan F. Espinal, is also Plaintiff's employer pursuant to 29 U.S.C. §203(d).

40. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

41. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

42. Plaintiff's work schedule was 7:00 am to 4:00 pm, Monday through Saturday.

43. Plaintiff was given a fifteen (15) minute meal break.

44. Plaintiff worked an estimated fifty four (54) hours, per week and received a fixed amount of seven hundred fifty dollars per week, less deductions for missed time and an additional one hundred dollar deduction, as spelled out in Count III, below.

45. All wage payments to the Plaintiff were made in cash.

46. Plaintiff had a regular hourly rate of $18.75 and would be entitled to a corresponding overtime hourly rate of $28.13, per hour.

47. During the three years preceding the filing of this complaint, Plaintiff estimates the amount of overtime hours to be between fourteen (14) hours per workweek.

48. The estimated total amount of unpaid (*overtime*) wages, plus an equal amount as liquidated damages is as follows:

| *Year of Service* | *No. of Weeks* | *Monthly Overtime hours* | *Overtime Rate* | *OT Due* | *Liquidated Damages* |
|---|---|---|---|---|---|
| *2017* | 33 | 462 | $28.13 | $12,996.06 | $12,996.06 |
| *2018* | 52 | 728 | $28.13 | $20,478.64 | $20,478.64 |

| 2019 | 46 [3] | 644 | $28.13 | $18,115.72 | $18,115.72 |
| 2020 | 19 | 266 | $28.13 | $7,482.58 | $7,482.58 |
| *Totals* | 150 | 2,100 | | $59,073.00 | $59,073.00 |

    iv.    The total amount of Mr. Alvarez's overtime claim is $118,146.00, exclusive of attorney's fees and costs.

49. As described in the preceding paragraphs, the Defendant Company suffered and permitted Plaintiff and the FLSA Collective to work overtime hours, without any compensation whatsoever, including applicable overtime compensation.

50. Plaintiff and members of the FLSA Collective are not exempt from the overtime requirements of the FLSA.

51. Defendant's actions, policies, and practices as described herein violate the FLSA's overtime requirement by willfully and knowingly failing to compensate Plaintiff and members of the FLSA Collective for all overtime hours worked during the relevant period.

52. Defendant was aware, or should have been aware, that Plaintiff and members of the proposed Collective worked more than forty (40) hours per week and accordingly should have been paid their time and one-half their regular rate of pay for all such hours worked over forty (40) during each workweek.

53. Defendant's failure to pay Plaintiff and members of the proposed FLSA Collective was willful and intentional.

54. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages,

---

[3] The 52 weeks in 2019 are reduced by approximately six (6) weeks where by the Plaintiff was recovering from an on-the-job injury and did not work during this time period.

9

prejudgment interest, and attorney's fees and costs incurred in connection with this claim.

**WHEREFORE**, the Plaintiff requests judgment against Defendant, Juan F. Espinal, with an award to Plaintiff and those similarly situated for the amount of unpaid owed, liquidated damages, and prejudgment interest on any unpaid overtime or minimum wages upon which liquidated damages were not assessed, as allowed by the Fair Labor Standards Act together with costs and attorneys' fees, and any other relief that this Court finds reasonable under the circumstances.

### COUNT III: STATE LAW CLAIM FOR RETALIATION AND COERCION
*(On behalf of Plaintiff, Edgar Ronaldo Alvarez - Gutierrez)*

55. Plaintiff incorporates paragraphs one through ten, as if fully restated.

56. This is an action for compensatory damages and equitable relief.

57. At all relevant times, Plaintiff was an employee of Defendant, Food Bazaar International, Inc., within the meaning of F.S. §440.205.

58. At all relevant times, Defendant, Food Bazaar International, Inc., the *"employer"* of Plaintiff, within the meaning of F.S. §440.205.

59. Florida Statute §440.205 provides that: "[N]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."

60. At all times material hereto, Plaintiff, Edgar Ronaldo Alvarez - Gutierrez, was a butcher for Defendant, Food Bazaar International, Inc.

61. On or about October 2019, Plaintiff, Edgar Ronaldo Alvarez - Gutierrez, was injured while in the course and scope of his employment with Defendant, Food Bazaar

10

International, Inc. More specifically, the Plaintiff was injured while moving a pallet containing meat products.

62. Defendant reported the injury to his employer.

63. Defendant did not report the injury to its workers compensation insurer.

64. Defendant likewise did not provide the Plaintiff with information as to the availability of workers compensation insurance, how to file claim against the appropriate insurer, and how to obtain the medical and economic benefits he was entitled to.

65. Defendant directed the Plaintiff to obtain medical care from a free or subsidized local clinic, in an attempt to coerce the plaintiff to not a claim for benefits against the employer's worker's compensation insurer.

66. Plaintiff, Edgar Ronaldo Alvarez - Gutierrez, was diagnosed with a hernia that was created or worsened by the events of October 2019.

67. Plaintiff sought medical care and was found to require surgery to correct the condition, along with additional medical care and treatment.

68. As a result of the on-the-job injury, the plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

69. Defendant, Food Bazaar International, Inc., agreed to pay for the cost of the past and future medical care incurred and to be received by the Plaintiff, but after initially

consenting and making part of the payments, Defendant declined to make any further payment and is presently back charging the Plaintiff for the medical costs paid.

70. Specifically, Defendant, Food Bazaar International, Inc., is retaliating against the Plaintiff, as a result of his request for the benefits he is rightfully entitled to, by deducting one hundred dollars ($100.00), per week, from his pay to reimburse the employer for the medical payments made.

71. Plaintiff has suffered damages because of the Defendant's actions.

72. Defendant's actions to coerce the plaintiff into not making a claim for benefits, retaliating by not making payment, and taking deductions to reimburse the employer, were and continue to be willful and intentional.

**WHEREFORE**, Plaintiff, Edgar Ronaldo Alvarez – Gutierrez, requests a judgment against Defendant for compensatory damages for the Defendant's violations of law enumerated herein; a judgment against Defendant permanently enjoining Defendant, Food Bazaar International, Inc., its officers, directors and agents from future violations of law enumerated herein and remedying all past and future lost income, raises, and other benefits of which Plaintiff has been unlawfully deprived, along with prejudgment interest, costs; and all equitable relief that is allowed by law.

*(Continued on the following page)*

## VERIFICATION BY PLAINTIFF

I, Edgar Ronaldo Alvarez - Gutierrez, pursuant to 28 U.S.C. §1746, hereby make this declaration from my personal knowledge and, if called upon to do so, could and would competently testify to the facts contained in the foregoing in a court of law. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 11, 2020 at FORT LAUDERDALE, Broward County, Florida.

By: _____
Edgar Ronaldo Alvarez - Gutierrez

*(Continued on the following page)*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this ___11th___ day of May, 2020.

Respectfully submitted,

MKRS LAW, PL.
Attorneys for Plaintiff
201 Alhambra Circle, Suite 802
Coral Gables, Florida 33134
Tel.   (305) 446-5228
Fax   (305) 446-7110

MITCHELL BARRENCHEA, P.A.
Co-counsel for Plaintiff
C. Mitchell Barrenechea, Esq.
333 Las Olas Way, CU#327
Fort Lauderdale, FL 33301
Tel.   954-281-7220
Fax: 954-337-3224

By: _/s/ Sergio R. Casiano. Jr._
Sergio R. Casiano, Jr., Esq.
Fla. Bar No.: 457302
sergioc@mkrs.com

C. Mitchell Barrenechea, Esq.
Fla. Bar No.: 105722
Mitchell@MB-Attorney.com