UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 0:20-cv-60945-WPD

EDGAR RONALDO ALVAREZ
GUTIERREZ,

        Plaintiff,

v.

FOOD BAZAAR INTERNATIONAL, INC.,
d/b/a BAZAAR SUPERMARKET AND
JUAN F. ESPINAL

        Defendants.

## JOINT MOTION FOR APPROVAL OF
## SETTLEMENT AGREEMENT

Defendants, Food Bazaar International, Inc. d/b/a Bazaar Supermarket ("**Food Bazaar**") and Juan F. Espinal ("**Espinal**"), (collectively "**Defendants**") and Plaintiff Edgar Ronaldo Alvarez Gutierrez jointly file this Joint Motion for Approval of Settlement Agreement and request the entry of an Order approving the Parties' settlement in the above-referenced matter. Because the settlement of the underlying action includes a release of any overtime claims that could have been brought pursuant to the Fair Labor Standards Act (the "**FLSA**"), the settlement as to the FLSA claims must be approved by this Court.

    1.    On May 12, 2020, Plaintiff filed this action seeking damages under the FLSA and under Florida Workers' Compensation Statute, Section 440.205, Fla. Stat. (Dkt. 1).

    2.    Defendants dispute Plaintiff's claims that there was any violation of the FLSA or Florida Workers' Compensation Statute.

    3.    The Parties evaluated the claims, exchanged discovery, and held a mediation on

March 1, 2021, before Marlene Quintana, Esq. (Dkt. 34).

4. Despite being unable to resolve Plaintiff's claims at mediation, Defendants provided a detailed damages analysis to Plaintiff subsequent to mediation, involving a computation of alleged hours worked.

5. Without admitting fault or liability, the Parties amicably resolved all disputed claims in this matter, including attorney's fees and costs, and entered into a Settlement Agreement and Release of Claims (the "Settlement Agreement"), attached hereto as **Exhibit A**.

6. The Parties agree that this is a fair and reasonable compromise of the Plaintiff's claims for unpaid wages and overtime under the FLSA.

7. Because of the nature of Plaintiff's claims, the Settlement Agreement requires court approval in order to become effective.

8. In this regard, for a release and waiver of claims agreement to be considered effective under the FLSA, it must be approved by a Court or supervised by the U.S. Department of Labor. *See Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F. 2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.").

9. Given that Plaintiff also brought a claim under Florida's Workers'

- 3 -

Compensation Statute against Defendants, the Settlement Agreement is not limited to solely a release of FLSA claims.

10. A bona fide dispute exists between Plaintiff and Defendants in this case regarding whether Plaintiff was classified properly and is entitled to damages under the FLSA. Plaintiff contends that he was not properly paid overtime during the relevant time period. Defendants disagree and contend that Plaintiff was properly compensated for every hour worked during his provision of services to Defendants, notwithstanding his classification. However, to avoid the risks and costs associated with additional litigation, the Parties have agreed to resolve this dispute.

11. Plaintiff was represented by competent counsel with experience in this area of the law. Defendants also were represented by experienced counsel throughout the litigation. The Parties request that the Court approve the Settlement Agreement as fair and reasonable in this case given the nature of the dispute, the legal issues involved, and the risks and costs associated with further litigation.

12. The Parties state that they reached the amount of this settlement through fact-based, good-faith negotiations, facilitated by the Court-ordered mediation and subsequent exchanges of discovery. Accordingly, the Parties compromised to avoid the expense and uncertainty of further litigation without fraud or collusion. The Parties exchanged discovery relevant to the Plaintiff's claims and Defendants' defenses and reached a resolution concerning the claims at issue—both the FLSA claims and the Workers' Compensation claims.

13. Counsel for both Parties have evaluated the merits of the claims and defenses at issue, and discussed the probability of different outcomes with respect to their clients.

Plaintiff's counsel included them at all stage of the settlement negotiations, repeatedly informed them of their options, and provided their authority to enter into the Agreement, as shown by their signatures affixed thereto. Plaintiff and their counsel believe that they have obtained a favorable resolution given the Claims at issue. Based on the foregoing, the Parties and their counsel respectfully submit that the Agreement represents a fair and reasonable resolution of this case.

14. The settlement also provides for the payment of attorneys' fees and costs which were negotiated separately without regard to the amount paid to Plaintiff, as provided for under the FLSA. See *Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 2009 U.S. Dist. LEXIS 68075, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009)*. The agreed upon amount of attorneys' fees and costs to Plaintiff's counsel is for its representation of Plaintiff through conclusion of the settlement, separate from and without regard to the amount paid to settle the Plaintiff's FLSA claims.

As the conditions of the Settlement Agreement are extended after the dismissal of this lawsuit, the Parties request that as a condition for dismissal, the Court retain jurisdiction to enforce the terms of the Settlement Agreement. The effectiveness of the stipulation of dismissal is conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of the Settlement Agreement reached in this case, solely pursuant to Fed. R. Civ. P. 41(a)(2).[1] *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F. 3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order (i) approving the terms of the Settlement Agreement entered into by the Parties, (ii) adopting the

---

[1] No review of this settlement or the dismissal of the pending claims is sought under Rule 41(a)(1).

309756048.2

- 5 -

settlement of the Workers' Compensation claims, (iii) compelling the Parties to comply with the terms of the Settlement Agreement, and (iv) retaining jurisdiction to enforce its terms.

Dated: Miami, Florida
      May 17, 2021

Respectfully submitted,

/s/ Sergio R. Casiano, Jr.
Sergio R. Casiano, Jr.
Florida Bar No. 457302
ergioc@mkrs.com
**MKRS LAW, PL**
201 Alhambra Circle, Suite 802
Coral Gables, FL 33134
Telephone: (305) 446-5228
Facsimile: (305) 446-7110

C. Mitchell Barrenechea
Florida Bar No. 105722
mitchell@mb-attorney.com
**MITCHELL BARRENCHEA, P.A.**
333 Las Olas Way, cU#327
Fort Lauderdale, FL 33301
Telephone: (954) 281-7220
Facsimile:  (954) 337-3224

*Attorneys for Plaintiff*

/s/ April L. Boyer
April Boyer
Florida Bar No. 0168335
april.boyer@klgates.com
Rio Gonzalez
Florida Bar No. 1023389
rio.gonzalez@klgates.com
**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: 305.539.3300
Facsimile: 305.358.7095

*Attorneys for Defendants*

- 6 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF and served via CM/ECF on all counsel of record on the following Service List this 17th day of May 2021.

/s/ April Boyer
April Boyer

## SERVICE LIST

Sergio R. Casiano, Jr., Esquire
sergioc@mkrs.com
MKRS LAW, PL
201 Alhambra Circle, Suite 802
Coral Gables, FL 33134
Telephone: (305) 446-5228
Facsimile: (305) 446-7110

*Counsel for Plaintiff*


C. Mitchell Barrenechea, Esquire
mitchell@mb-attorney.com
MITCHELL BARRENCHEA, P.A.
333 Las Olas Way, cU#327
Fort Lauderdale, FL 33301
Telephone: (954) 281-7220
Facsimile:  (954) 337-3224

*Co-counsel for Plaintiff*

309756048.2