# EXHIBIT A

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("**Agreement**") is entered as of this May ____, 2021 by and between FOOD BAZAAR INTERNATIONAL, INC., ("**Food Bazaar**"), and JUAN F. ESPINAL (Father) ("**Espinal**"), JUAN F. ESPINAL (Son) (as identified and defined below as "**Espinal Jr.**"), in the first party, and EDGAR RONALDO ALVAREZ-GUTIERREZ ("**Alvarez-Gutierrez**"), in the second party. Food Bazaar and Espinal shall be collectively referred to herein as "**Defendants**." Defendants, Espinal Jr., and Alvarez-Gutierrez shall be collectively referred to as the "**Parties**" and individually each as a "**Party**."

## RECITALS

**WHEREAS**, on May 12, 2020, Alvarez-Gutierrez filed a lawsuit against Defendants in the United States District Court for the Southern District of Florida (Case No. 0:20-cv-60945) asserting (i) a claim for violation of the Fair Labor Standards Act against Food Bazaar; (ii) a claim for violation of the Fair Labor Standards Act against Espinal ((i) and (ii) collectively shall be referred to as the "**FLSA Claims**"), and (iii) a Florida state law claim for retaliation and coercion in violation of § 440.205, Fla. Stat. ((iii) shall be referred to as the "**State Law Claim**" and (i), (ii), and (iii) collectively shall be referred to as the "**Lawsuit**"); and

**WHEREAS**, the Parties now desire to compromise, fully and finally settle, and fully release, in a formal manner, any and all actual or potential claims, known and unknown, that Alvarez-Gutierrez may have against Defendants and Espinal Jr., including the FLSA Claims as well as any and all claims raised in the State Law Claim and/or arising out of Alvarez-Gutierrez' employment with Food Bazaar.

**NOW, THEREFORE**, in consideration of the promises and the performance of the covenants and agreements hereinafter contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement hereby represent, warrant, consent, and agree as follows:

1. **ADOPTION OF RECITALS**. The Parties hereto adopt the above recitals as being true and correct, and they are incorporated herein as material parts of this Agreement.

2. **SETTLEMENT BENEFITS**. Provided that Alvarez-Gutierrez complies with the material terms of this Agreement, Defendants will provide the following Settlement Benefits, including a total Settlement Pay of $71,000 (allocated and paid as described herein) ("**Settlement Pay**"), and other remunerations of settlement (collectively "**Settlement Benefits**"). Alvarez-Gutierrez acknowledges that Alvarez-Gutierrez is not otherwise entitled to receive this Settlement Pay from Defendants, which constitutes valid consideration in exchange for Alvarez-Gutierrez' release of all claims and the other obligations set forth in this Agreement. Alvarez-Gutierrez acknowledges that the Settlement Pay is in full settlement of any and all claims, including, without limitation, the FLSA Claims as well as all claims raised in the State Law Claim and/or that could have been asserted in the Lawsuit.

    A. **Tax Obligations**. Any tax obligation arising from the payments made to Alvarez-Gutierrez and/or to MKRS Law, PL under this Agreement will be the sole responsibility of Alvarez-Gutierrez and/or MKRS Law, PL (as it relates to payment to Alvarez-Gutierrez/it).

1

B. **Direct Payment to Alvarez-Gutierrez (FLSA Claims)**. Food Bazaar shall pay Alvarez-Gutierrez a total of **$17,500** less applicable withholdings and deductions as required by law. The $17,500 FLSA Claims payment represents $8,750 in back pay and $8,750 in liquidated damages. Alvarez-Gutierrez acknowledges that no consideration, other than as set forth in this Agreement, has been or will be furnished as to the FLSA Claims, and Alvarez-Gutierrez has been paid in full for any and all wages, compensation or benefits owed to Alvarez-Gutierrez by Defendants and that no additional compensation whatsoever is owed to Alvarez-Gutierrez. The direct payment to Alvarez-Gutierrez pursuant to this Section 2(B) shall be made through two separate payments (one representing back-pay less applicable withholdings and deductions and the other representing liquidated damages) within thirty (30) calendar days following the Effective Date.

C. **Attorneys' Fees and Costs (FLSA Claims)**. Food Bazaar shall pay (i) **$4,554.15** as attorney's costs to MKRS LAW, P.L., (ii) **$115.77** as attorney's costs to Mitchell Barrenechea P.A., AND (iii) **$12,830.08** as attorney's fees MKRS LAW, P.L. for all of Alvarez-Gutierrez' attorney's fees incurred by Alvarez-Gutierrez' attorneys, including Sergio R. Casiano, Jr., Esq. and C. Mitchell Barrenechea, Esq., or otherwise on behalf of Alvarez-Gutierrez in the representation of Alvarez-Gutierrez in connection with the Lawsuit, or in negotiation of this Agreement. This payment will be made within thirty (30) calendar days following the later of: (a) the Effective Date of this Agreement or (b) receipt by April Boyer, Esq. of the required IRS Form W-9 from Alvarez-Gutierrez' attorneys. Except as otherwise set forth herein, each Party will bear his/its own costs and fees (including all attorneys' fees, costs, and expenses) incurred in any way with respect to the negotiation and execution of this Agreement and the Lawsuit. This Agreement shall not be interpreted so as to render any Party as a prevailing party for purposes of any statute or otherwise.

D. **Additional Consideration (State Law Claims)** Food Bazaar shall pay **$35,500** to MKRS Law, PL, Trust Account, subject to the terms and conditions outlined herein. The payment will be made in substantially equal monthly installments through wire transfer to MKRS Law, PL, Trust Account during a twenty four (24) month period following completion of the payments outlined in Sections 2(B) and 2(C) and consistent with the payment acceleration option outlined in Section 2(H). The $35,500 Additional Consideration (State Law Claims) payment shall be allocated as (i) $23,430 to Alvarez-Gutierrez for any and all damages alleged in the State Law Claim and as consideration for the other Settlement Benefits described herein including the non-disparagement clause and the general release, and (ii) $12,070 as attorney's fees and costs for all of Alvarez-Gutierrez' attorney's fees and costs incurred by Alvarez-Gutierrez' attorneys, including Sergio R. Casiano, Jr., Esq. and C. Mitchell Barrenechea, Esq., or otherwise on behalf of Alvarez-Gutierrez in the representation of Alvarez-Gutierrez in connection with the State Law Claim, or in negotiation of this Agreement. For the avoidance of doubt, the first payment under this Section 2(D) shall be made on the 15th day of the month that occurs subsequent to the later of: (i) the month on which payment is made pursuant to Sections 2(B) and 2(C) or (ii) the month on which MKRS Law, PL provides to April Boyer, Esq. the required IRS Form W-9. In the event that Defendants default on a monthly payment, Alvarez-Gutierrez shall file an affidavit with the Court and obtain a final judgment for the full Settlement Pay, plus interest and court costs, less any payments made. For the avoidance of doubt, acceptance of a late payment does not constitute a waiver of Plaintiff's right to declare a default.

309689087.1

E. **Court Approval and Stipulation for Dismissal of Lawsuit**. As a condition precedent to receiving the Settlement Pay (described above in Paragraph 2), the Parties shall submit to the Court a joint motion (i) for approval of settlement of the FLSA Claims, (ii) for adoption and ratification of the settlement of the State Law Claim, (iii) directing the Parties to comply with this Agreement, and (iv) requesting that the Court retain jurisdiction to enforce the terms and conditions of this Agreement. This Agreement shall not be effective until the conditions outlined in this Section 2(E)(i)-(iii) have been satisfied.

F. **Mutual Non-Disparagement.**

(i) Except as required by law, Alvarez-Gutierrez shall not engage in any conduct or make any statement that is in any way critical of, or disparaging to, or otherwise derogatory about Defendants and Juan F. Espinal (son by the same name of named Defendant Espinal and referred to in this Agreement as "**Espinal Jr.**"). If contacted about the Lawsuit or the resulting settlement, Alvarez-Gutierrez shall state that the Lawsuit was amicably resolved or words to that effect. Alvarez-Gutierrez understands that Alvarez-Gutierrez' commitment not to defame, disparage, or impugn Defendants' reputation or the reputation of Espinal Jr. constitutes a willing and voluntary waiver of Alvarez-Gutierrez' rights under the First Amendment of the U.S. Constitution and other laws. However, these non-disparagement obligations do not limit Alvarez-Gutierrez' ability to truthfully communicate with any governmental agency, whether such communication is initiated by Alvarez-Gutierrez or in response to the government.

(ii) Espinal and Espinal Jr. shall not engage in any conduct or make any statement that is in any way critical of, or disparaging to, or otherwise derogatory about Alvarez-Gutierrez. If contacted about the Lawsuit or the resulting settlement, Espinal and Espinal Jr. shall state that the Lawsuit was amicably resolved or words to that effect. Espinal and Espinal Jr. understand that their commitment not to defame, disparage, or impugn Alvarez-Gutierrez' reputation constitutes a willing and voluntary waiver of their rights under the First Amendment of the U.S. Constitution and other laws. However, these non-disparagement obligations do not limit the ability of Espinal or Espinal Jr. to truthfully communicate in connection with any legal action (including lawsuits and arbitrations) or with any governmental agency, whether such communication or legal action is initiated by Espinal or Espinal Jr. or in response to the government.

G. **Stipulation of Dismissal**. Within five (5) business days of the Effective Date of this Agreement, Alvarez-Gutierrez shall file, on behalf of all Parties, a joint stipulation dismissing the Lawsuit with all Parties bearing their own fees and costs. Alvarez-Gutierrez shall request that the court retain jurisdiction to enforce the terms of this Agreement. In the event that the court declines to retain jurisdiction, in any action brought by any Party to enforce the terms of this Agreement, the prevailing party will be entitled to collect reasonable attorneys' fees and other reasonable costs from the non-prevailing party.

H. **Continued Employment/Rehire**. Alvarez-Gutierrez shall remain employed by Food Bazaar in his current position and hourly/overtime rate of pay for the twenty-four (24) month payment period outlined Section 2(D) above provided, however, that in the event that Defendants are able to accelerate the payment outlined in Section 2(D), Defendants shall have no obligation to employ Alvarez-Gutierrez once the payment outlined in Section 2(D) has been

completed. However, in the event of a payment acceleration, Food Bazaar shall nonetheless provide Alvarez-Gutierrez with thirty-day notice prior to his resignation. For the avoidance of doubt, Alvarez-Gutierrez shall remain employed at Food Bazaar solely for the amount of time required to complete the payment outlined in Section 2(D), provided that Alvarez-Gutierrez will be given thirty-day notice prior to his resignation. Notwithstanding the requirements of this Section 2(H), Alvarez-Gutierrez shall effectuate his job duties to the best of his ability and in the best interest of Food Bazaar, including without limitation, (i) reporting to work on-time on days scheduled absent prior authorization by Espinal Jr., (ii) following processes and procedures related to clocking in and out when working; (iii) adhering to workplace policies, procedures and instructions, including instructions provided by Alvarez-Gutierrez' supervisors, including but not limited to, Alberto Pineda, Espinal, and Espinal Jr. Alvarez-Gutierrez also shall complete required documentation in Food Bazaar's New Hire packet. Subsequent to completion of the Settlement Pay, Alvarez-Gutierrez agrees that Alvarez-Gutierrez will immediately and voluntarily resign from Food Bazaar and shall not seek rehire or employment from Defendants and that Defendants shall have no obligation to consider Alvarez-Gutierrez for re-employment in the future.

   I. **Covenant Not to Sue**. Alvarez-Gutierrez will not commence any lawsuit, arbitrations, or other proceedings or actions against Defendants regarding any claims released in Section 3 or otherwise related to his working relationship with Defendants. Alvarez-Gutierrez also represents and warrants that Alvarez-Gutierrez has not commenced any other complaints, charges of discrimination, causes of action, or lawsuits against Defendants. Alvarez-Gutierrez also will never, individually or with any person or in any way, commence, participate in, aid in any way, prosecute, or cause or permit to be commenced or prosecuted against Defendants any action or other proceeding based upon any claim, demand, cause of action, obligation, damage, or liability that is released in this Agreement. **NOTHING IN THIS AGREEMENT SHALL BE CONSTRUED TO PROHIBIT ALVAREZ-GUTIERREZ FROM CONTACTING, FILING A CHARGE, OR PARTICIPATING IN ANY PROCEEDING OR INVESTIGATION BY THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"), SECURITIES AND EXCHANGE COMMISSION ("SEC"), DEPARTMENT OF LABOR ("DOL"), NATIONAL LABOR RELATIONS BOARD ("NLRB"), OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, OR ANY COMPARABLE STATE OR LOCAL ENTITY.** Notwithstanding the foregoing, Alvarez-Gutierrez waives any right to recover monetary damages in any charge. This Section 2(I) does not preclude Alvarez-Gutierrez from filing a claim to enforce this Agreement.

   J. **Debt Forgiveness**. Espinal shall forgive the Two Thousand Four Hundred United States Dollars ($2,400) owed to Espinal by Alvarez-Gutierrez.

   K. **Medical Bills and Related Expenses.** Alvarez-Gutierrez acknowledges and agrees that the Settlement Pay portion described above in Subsections 2(C) and 2(D) exceeds any medical expenses, invoices, pain and suffering, inconvenience, lost wages, and other injuries and damages arising out the purported workplace injury asserted in the Lawsuit, and therefore, Alvarez-Gutierrez is solely is responsible for any unpaid medical expenses and invoices related to the alleged workplace injury as well as for any inconvenience, lost wages, pain and suffering and other damages arising out the purported workplace injury asserted in the Lawsuit.

  3. **GENERAL RELEASE.**

      A.      **Definitions**. For purposes of this Section 3, the "**Released Parties**" means one, all, or a combination of the following: Espinal, Espinal Jr., Food Bazaar and all related companies, including, but not limited to, predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing, insurers, affiliates, and assigns, and their past, present, and future officers, directors, shareholders, interest holders, members, partners, attorneys, agents, employees, managers, representatives, assigns, and successors in interest. For purposes of this Section 3, "**Alvarez-Gutierrez**" means one, all, or a combination of the following: Plaintiff Edgar Ronaldo Alvarez-Gutierrez in the Lawsuit and all persons claiming by and through him, including, without limitation, heirs, executors, successors, administrators, assigns, agents, and attorneys.

      B.      **General Release**. Alvarez-Gutierrez unconditionally and irrevocably releases the Released Parties from all known and unknown charges, complaints, claims, grievances, lawsuits, liabilities, obligations, promises, contracts, agreements (excluding this Agreement), controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees, wages, medical costs, pain and suffering, mental anguish, emotional distress, expenses (including attorneys' fees and costs actually incurred), and direct, indirect, punitive, consequential, incidental, and all other types of damages, of any nature whatsoever, known or unknown, and regardless of whether arising under international, federal, state, or local law, rule, or regulation (hereafter, "**Claims**"), which Alvarez-Gutierrez has, may have had, or may in the future have, against the Released Parties, whether or not apparent or yet to be discovered, or which may hereafter develop, arising from, relating to, or in connection with any matter occurring prior to the execution of this Agreement, including, without limitation, all Claims on account of, relating to, or in connection with: (a) the FLSA Claims, (b) the State Law Claim, or (b) Alvarez-Gutierrez' employment with Food Bazaar. Alvarez-Gutierrez understands that this means that Alvarez-Gutierrez is releasing the Released Parties and may not bring claims against them under, *inter alia*, (1) the Employee Retirement Income Security Act; (2) Title VII of the Civil Rights Act of 1964, as amended; (3) Sections 1981 and 1983 of the Civil Rights Act of 1866; (4) Sections 1981 through 1988 of Title 42 of the U.S. Code, as amended; (5) the Equal Pay Act, as amended; (6) the Age Discrimination in Employment Act; (7) the Older Workers Benefit Protection Act; (8) the Worker Adjustment Retraining and Notification Act; (9) the Immigration Reform and Control Act, as amended; (10) the Americans with Disabilities Act, as amended, and Sections 503 and 504 of the Rehabilitation Act of 1973; (11) the Family and Medical Leave Act; (12) the Consolidated Omnibus Reconciliation Act, as amended; (13) the Occupational Safety and Health Act; (14) the Fair Credit Reporting Act; (15) the Age Discrimination in Employment Act; (16) the Florida Civil Rights Act; (17) any foreign, federal, state, and/or local whistleblower statute, regulation, ordinance, or law, including the Florida Whistleblower Act of 1986 and 1991; (18) the Florida Workers' Compensation Law (retaliation claims); (19) any foreign, federal, state, and/or local law, statute, regulation, or ordinance prohibiting discrimination, retaliation, and/or harassment or governing wage or commission payment claims; (20) all amendments to such laws; and (21) any other law prohibiting discrimination, harassment, and/or retaliation based on the exercise of Alvarez-Gutierrez' rights under any law providing whistleblower protection, providing workers' compensation benefits, providing or protecting employee benefits and pension plans, regarding payment of wages or other compensation, protecting union activity, mandating leaves of absence, prohibiting discrimination based on veteran status or military service, restricting an employer's right to terminate employees, or otherwise regulating employment, enforcing express or implied employment contracts, concerning government contracts and compliance with same, requiring an

employer to deal with employees fairly or in good faith, providing recourse for alleged wrongful discharge, tort, physical or personal injury, emotional distress, fraud, negligent misrepresentation, defamation, and similar or related claims, or relating to salary, commission, compensation, benefits, and other matters.

Notwithstanding the foregoing, Alvarez-Gutierrez does not release any claims (1) for any breach of this Agreement; (2) any claims that cannot be waived by law, such as claims for unemployment benefit rights and workers' compensation; (3) indemnification rights Alvarez-Gutierrez may have against Defendants; (4) any right to file an unfair labor practice charge under the National Labor Relations Act; and (5) any rights to vested benefits, such as pension or retirement benefits, the rights to which are governed by the terms of the applicable plan documents and award agreements. Alvarez-Gutierrez acknowledges that Alvarez-Gutierrez is not owed or entitled to any compensation, benefits, or consideration of any kind or nature whatsoever from Defendants except as expressly provided in this Agreement, and to the extent that any such additional amount owed is otherwise determined to exist, the payments described herein are in lieu of and encompass such amounts.

**NOTHING IN THIS RELEASE SHALL BE CONSTRUED TO PROHIBIT ALVAREZ-GUTIERREZ FROM CONTACTING, FILING A CHARGE, OR PARTICIPATING IN ANY PROCEEDING OR INVESTIGATION BY THE EEOC, DOL, NLRB, OR OTHER FEDERAL, STATE, OR LOCAL AGENCY OR ENTITY. NOTWITHSTANDING THE FOREGOING, ALVAREZ-GUTIERREZ WAIVES ANY RIGHT TO RECOVER ANY MONETARY AWARD RELATED TO ANY CHARGE, COMPLAINT, OR LAWSUIT FILED BY ALVAREZ-GUTIERREZ OR ON ALVAREZ-GUTIERREZ' BEHALF OR ANY QUI TAM OR GOVERNMENT ACTION AGAINST FOOD BAZAAR OR ITS OFFICERS, DIRECTORS, OR AGENTS RESULTING FROM OR RELATED TO ACTIONS TAKEN BY ALVAREZ-GUTIERREZ.**

    4.    **PERMITTED DISCLOSURES**. Nothing in this Agreement prohibits or restricts Alvarez-Gutierrez (or Alvarez-Gutierrez' attorney) from filing a charge or complaint with the SEC or Financial Industry Regulatory Authority, or any other securities regulatory agency or self-regulatory authority. Alvarez-Gutierrez further understand that this Agreement does not limit Alvarez-Gutierrez' ability to communicate with any securities regulatory agency or authority or otherwise participate in any investigation or proceeding that may be conducted by any securities regulatory agency or authority without notice to Defendants. This Agreement does not limit Alvarez-Gutierrez' right to receive an award for information provided to the SEC staff or any other securities regulatory agency or authority. Nothing in this Agreement shall be construed to prevent disclosure of confidential information as may be required by applicable law or regulation or pursuant to the valid order of a court of competent jurisdiction or an authorized government agency, provided that the disclosure does not exceed the extent of disclosure required by such law, regulation, or order.

    5.    **REPRESENTATIONS, WARRANTIES, AND INDEMNIFICATION.**

    A.    In order to induce Defendants to enter into this Agreement, Alvarez-Gutierrez hereby represents and warrants that:

309689087.1

(i) Alvarez-Gutierrez has not filed with any governmental agency or court any type of action, proceeding, or report against Defendants or Espinal Jr., and knows of no type of action, proceeding, or report against Defendants or Espinal Jr. that is pending or contemplated; and

(ii) Alvarez-Gutierrez has not committed any act or omission for which Defendants or Espinal Jr. could be held responsible or liable to any entity or person.

B. In the event any of the foregoing representations or warranties are not accurate or correct, Alvarez-Gutierrez shall indemnify and hold harmless Defendants and Espinal Jr. for any and all liabilities, claims, damages, and losses, including, without limitation, all attorneys' fees and costs, incurred as a result of, or in connection with, any action, proceeding, report, act, or omission that was warranted not to exist.

6. **CONSIDERATION**. The Parties hereto each acknowledge that the Settlement Benefits, including the Settlement Pay (Section 2 above), General Release (Section 3 above), and mutual covenants and promises that are set forth in this Agreement are being exchanged for each Party's execution of this Agreement, and that, but for the agreements made hereunder, they have no entitlement to the consideration exchanged pursuant to this Agreement.

7. **WAIVER FOR FEES/COSTS**. The Parties waive all claims to attorneys' fees and costs and otherwise agree to bear their own fees and costs.

8. **NON-ADMISSION**. Nothing in this Agreement, including the above Settlement Benefits, is to be construed as an admission of wrongdoing or of any liability by any Party. Each Party acknowledges that this Agreement represents a settlement and compromise reached between the Parties. The execution of this Agreement shall not be deemed, construed, or interpreted, in any way, to be an admission by any Party regarding liability, damages, or the validity of any claim or defense that any Party has asserted or may assert. If this Agreement is not fully and finally consummated by its valid and binding Effective Date, then no statements contained herein shall be used for any purpose whatsoever against any Party.

9. **COOPERATION**. The Parties will execute and deliver any and all documents that may be necessary to effectuate the terms agreed to herein.

10. **EFFECTIVE DATE**. This Agreement shall become effective on the date it has been approved by the District Court for the Southern District of Florida following the Parties Joint Motion to Approve the Settlement.

11. **PLAIN MEANING AND HEADERS**. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter's rights hereunder. Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other. The headers describing the contents of the provisions are simply for identification purposes and shall not be construed as a substantive part of the provision.

12. **PREVAILING LANGUAGE**. This Agreement shall be prepared and executed in the English language and if translated into a language other than English for any purpose whatsoever, the English version shall in all events prevail and be paramount in the event of any differences,

7

questions, or disputes concerning the meaning, form, validity, or interpretation of this Agreement. Alvarez Gutierrez expressly acknowledges and understands that if this Agreement has been translated to Alvarez-Gutierrez in any manner into a language other than English, the English version of this Agreement shall control consistent with Section 11 above.

13. **AGREEMENT IS THE PRODUCT OF NEGOTIATION**. This Agreement is the product of negotiation between the Parties to this Agreement. In the event of a dispute concerning the interpretation of this Agreement or of any of its terms or provisions, the Agreement shall be deemed to have been drafted jointly by the Parties and shall not be more strictly construed against any Party. All Parties collectively shall be deemed to have drafted it, and it shall be construed without regard to rules of construction that might otherwise apply against a drafter.

14. **WAIVER**. No waiver of a breach of any provision of this Agreement shall constitute a waiver of a breach of any other provision of this Agreement or of a prior or subsequent breach of the same provision.

15. **NO ASSIGNMENT**. The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, or legal right that is the subject of this Agreement.

16. **SUCCESSORS**. This Agreement shall be binding and inure to the benefit of the Parties' respective representatives, heirs, executors, administrators, successors, and assigns. Alvarez-Gutierrez further represents and warrants that he is the sole and lawful owner of all rights, title, and interest in and to all released claims as herein contained and that he has not assigned or transferred any interest in or to any such claim to any other person or entity.

17. **OPPORTUNITY TO CONSULT WITH COUNSEL**. The Parties hereby represent and acknowledge that they have been provided with the opportunity to discuss and review the terms of this Agreement with their respective attorneys before signing it and that they are freely and voluntarily signing this Agreement in exchange for the benefits provided herein. The Parties further represent and acknowledge that neither K&L Gates LLP, MKRS Law, PL, Mitchell Barrenchea, P.A. nor lawyers employed at any of those aforementioned law firms have provided the Parties with any legal advice affirming or endorsing the work authorization or continued employment of Alvarez-Gutierrez by Food Bazaar or Defendants. The Parties further represent and acknowledge that they have been provided a reasonable period of time within which to review the terms of this Agreement. If any fact with respect to which this Agreement is executed is found hereafter to be other than, or different from, the facts now believed by the Parties to be true, the Parties expressly accept and assume the risk of such possible differences in fact and this Agreement shall be and remain effective notwithstanding such difference in fact.

18. **MODIFICATION OR AMENDMENT**. No amendment, change, or modification of this Agreement, nor waiver of any provision of this Agreement, shall be valid unless it is in writing, signed by each of the Parties or by his, her, or its respective successors and/or assigns. Neither

Party will claim at any time or place that this Agreement has been orally modified in any respect whatsoever.

19. **SEVERABILITY**. If any provision or part of a provision of this Agreement (except any provision or part of a provision contained in Section 2 or 3 of this Agreement) shall be determined to be void or unenforceable by a court of law, administrative agency or tribunal of competent jurisdiction, the remainder of the Agreement shall remain valid and enforceable by any Party, and all other valid provisions of the Agreement shall survive and continue to bind the Parties. If, however, any provision or part of a provision contained in Section 2 or 3 of this Agreement shall be determined to be void or unenforceable by a court of law, administrative agency, or tribunal of competent jurisdiction, the entire Agreement shall be unenforceable, as each Party recognizes and acknowledges that the duties, rights, and obligations set forth in Section 2 and 3 of this Agreement are essential to the Agreement.

20. **NOTICES**. All notices and all other communications that are required to be given under this Agreement must be in writing and shall be deemed to have been duly given when: (i) personally delivered, (ii) mailed by U.S. registered or certified mail postage prepaid, (iii) sent via a nationally recognized overnight courier service, (iv) sent via facsimile to the recipient, or (v) sent via email to the recipient, in each case as follows:

If to Defendants:  
Juan F. Espinal  
202 W Hillsboro Blvd,  
Deerfield Beach, FL 33441

April Boyer, Esq.  
Rio Gonzalez, Esq.  
K&L Gates LLP  
200 South Biscayne Blvd.  
Suite 3900  
Miami, FL 33131  
april.boyer@kgates.com

If to Alvarez-Gutierrez:  
Edgar Ronaldo Alvarez-Gutierrez  
73 NE 7th Court  
Apartment 4  
Deerfield Beach, FL 33441

Sergio R. Casiano, Jr., Esq.  
MKRS Law, PL  
201 Alhambra Circle, Suite 802  
Coral Gables, FL 33134  
sergio@mkrs.com

C. Mitchell Barrenechea, Esq.  
Mitchell Barrenchea, P.A.  
333 Las Olas Way, cU#327

9

309689087.1

Fort Lauderdale, FL 33301<br>mitchell@mb-attorney.com

or such other address or addresses as either party hereto shall have designated by notice in writing to the other party.

      21.    **ENTIRE AGREEMENT**. This Agreement represents the entire understanding and agreement by and among the Parties with respect to the subject matter hereof and fully supersede any and all prior agreements, understandings, both written and oral, between the Parties. The Parties acknowledge that no one has made any representations or promises to them and that they are not relying on any representations or promises not set forth herein in executing this Agreement.

      22.    **COUNTERPARTS**. This Agreement may be executed by facsimile or email and in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. In any such case, the Party exchanging by facsimile or PDF shall promptly thereafter upon request provide a signed original counterpart hereof to the other parties; provided that the non-delivery of such a signed counterpart shall not affect the validity or enforceability hereof.

      23.    **CHOICE OF LAW**. This Agreement shall be construed in accordance with and governed by the laws of the State of Florida, without giving effect to the conflict of laws principles of Florida law. The Parties expressly consent to the exclusive jurisdiction and venue of any state court of competent jurisdiction in Broward County, Florida, or the U.S. District Court for the Southern District of Florida. The Parties expressly waive any claims or defenses of forum non conveniens to jurisdiction and venue in any state court of competent jurisdiction in Broward County, Florida, or the U.S. District Court for the Southern District of Florida**.**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE READ AND FULLY UNDERSTAND THE CONTENTS AND THE EFFECTS OF THIS AGREEMENT. EDGAR RONALDO ALVAREZ GUTIERREZ REPRESENTS AND WARRANTS THAT HE HAS HAD A REASONABLE OPPORTUNITY TO SEEK THE ADVICE OF AN ATTORNEY. THE PARTIES ACCEPT EACH AND EVERY TERM, SECTION, SUBSECTION, AND CONDITION OF THIS AGREEMENT, AND DO SO VOLUNTARILY AND WITH FULL KNOWLEDGE AND UNDERSTANDING OF ITS CONTENTS, NATURE, AND EFFECTS.**

WHEREFORE, the Parties enter into this Agreement and, by so signing, represent and warrant that they have the authority to sign on behalf of the person or entity for whom they are signing.

Date: _____

**Edgar Ronaldo Alvarez Gutierrez**

Date: _____

**Juan F. Espinal (Father)**

Date: _____

**Juan F. Espinal (Son)**

Date: _____

**Food Bazaar International, Inc.**

By: _____

Name: _____

Title: _____